UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-mj-02049-O'SULLIVAN

**UNITED STATES OF AMERICA,**

  **Plaintiff,**

**v.**

**SHAKIM MIKE and
ROYSTIN DAVID**

  **Defendants.**

_____/

## DETENTION ORDER

  Pursuant to 18 U.S.C. § 3142(f), on January 15, 2021, a hearing was held to determine whether defendants **SHAKIM MIKE** and **ROYSTIN DAVID** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of these defendants as required. Therefore, it is hereby ordered that defendants **SHAKIM MIKE** and **ROYSTIN DAVID** be detained prior to trial and until the conclusion thereof.

  In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

  1.  The defendants are charged by criminal complaint in the Southern District of Florida with attempt to possess with intent to distribute a controlled substance in violation of Title 21, United States Code, Section 846. Therefore, the defendants are

charged with a narcotics offense for which a maximum sentence of more than ten (10) years is prescribed, resulting in a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendants at all future court proceedings. Title 18, United States Code, Section 3142(e) and (f).

2. The weight of the evidence against the defendants is substantial. The government has proffered that on January 12, 2021, a chartered flight arrived at the OpaLocka Executive Airport in Miami, Florida from St. Thomas U.S. Virgin Islands. The defendants were onboard that flight. Also onboard that flight were 14 pieces of luggage containing over 300 kilograms of cocaine with a value of more than $5 million.

Defendant Mike absconded while U.S. Customs and Border Protection inspected the luggage. Defendant Mike ultimately agreed to surrender in a hotel room in Orlando, Florida. Defendant Mike admitted to participating in the smuggling venture.

Defendant David acknowledged having loaded the aircraft with the luggage but denied knowing there were narcotics on the plane. However, text messages sent as early as September 2020 show that defendant David knew about the scheme and even suggested hiring a flight attendant to avoid detection.

3. The pertinent history and characteristics of defendant Shakim Mike support pretrial detention. Defendant Mike was born on January 27, 1992 in St. Thomas, U.S. Virgin Islands. The defendant is facing a minimum mandatory term of ten years' imprisonment if convicted of the instant offense. Defendant Mike is a member of the U.S. Virgin Islands police department and is enlisted in the National Guard. The

defendant will likely lose both sources of income as a result of being charged with the instant offense. Title 18, United States Code, Section 3142(g)(3)(A).

4. The pertinent history and characteristics of defendant Roystin David support pretrial detention. Defendant David was born on November 12, 1992, in St. Thomas, U.S. Virgin Islands. The defendant is employed in the mailroom at the Internal Revenue Bureau and is enlisted in the National Guard. The defendant will likely lose both sources of income as a result of being charged with the instant offense. Title 18, United States Code, Section 3142(g)(3)(A).

5. The Court specifically finds, that there are no conditions or combination of conditions which reasonably will assure the appearances of defendants Shakim Mike and Roystin David as required. The defendants face a substantial term of imprisonment if convicted of the instant offense and will likely lose their sources of income as a result of being charged with the instant offense. Defendant Mike fled law enforcement. Defendant David has no assets. The defendants were involved in months' long planning and were entrusted with a considerable amount of cocaine which leads the Court to believe that this was not a one time venture.

Based upon the above findings of fact, which were supported by a preponderance of the evidence, the Court has concluded that defendants Shakim Mike and Roystin David present a risk of flight.

The Court hereby directs:

(a) That defendants Shakim Mike and Roystin David be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the

extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

    (b)  That Defendants Shakim Mike and Roystin David be afforded reasonable opportunity for private consultation with counsel; and

    (c)  That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendants Shakim Mike and Roystin David are confined deliver these defendants to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Miami, Florida, this **15th** day of January, 2021.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE